Matter of Locantro
2026 NY Slip Op 03965
June 24, 2026
Appellate Division, Second Department
Per Curiam
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of James C. Locantro, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; James C. Locantro, respondent. (Attorney Registration No. 2250926)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2024-02548
Hector D. Lasalle, P.J.
Mark C. Dillon
Colleen D. Duffy
Betsy Barros
Barry E. Warhit, JJ.

David W. Chandler, Brooklyn, NY, for petitioner.

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 8, 1989.
Per Curiam.

[*1]
Per Curiam.

OPINION & ORDER
On November 26, 2025, the respondent was served via personal delivery with a notice of petition dated November 17, 2025, and a verified petition dated April 3, 2024. The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts duly filed those papers with this Court together with an affidavit of service. The petition contains four charges, alleging that the respondent misappropriated client funds, made cash withdrawals from his escrow account, mistitled his escrow account, and failed to cooperate with the Grievance Committee's investigation, in violation of rules 1.15(a), (e), and (b)(2) and 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0). The notice of petition directed the respondent to file his answer to the petition, together with proof of service of the answer upon the Grievance Committee, within 20 days after service upon him of the petition. To date, the respondent has neither served nor filed an answer to the petition as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent on January 6, 2026, he has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion to deem the charges in the petition dated April 3, 2024, established based upon the respondent's default is granted, the charges in the petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., DILLON, DUFFY, BARROS and WARHIT, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the petition dated April 3, 2024, established based upon the default of the respondent, James C. Locantro, is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, James C. Locantro, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, James C. Locantro, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, James C. Locantro, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, James C. Locantro, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court